# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEBOARH MARSH ET AL. | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO.: 19:174 |
| | * | |
| JOE TEX XPRESS, INC., ET AL | * | JUDGE |
| | * | |
| | * | JURY DEMAND |
| | * | |

**************************************************************************

## NOTICE OF REMOVAL

TO:    Clerk of Court
       United States District Court
       Eastern District of Louisiana
       500 Poydras Street, Room C-151
       New Orleans, Louisiana 70130

Defendant, Joe Tex Xpress, Inc., ("Defendant"), respectfully submits this Notice of Removal of the above-styled matter, and as cause therefore shows as follows.

1.

This action was originally commenced by Plaintiffs, Deboarh Marsh, Daviell Duncan, Deidra Andrews individually and on behalf of minor child, A.A. as natural tutrix and Bertell Marsh, (collectively referred to herein as "Plaintiffs"), on November 29, 2018, through a filing of a Petition for Damages in the Civil District Court for the Parish of Orleans, State of Louisiana, entitled *Deborah Marsh, Daviell Duncan, Deidra Andrews individually and on behalf of minor child, A.A. as natural tutrix and Bertell Marsh v. Joe Tex Xpress, Inc., Mahaley Transport, LLC, Morris Mahaley, and John Doe*, and bearing case number 2018-11938, Division N.[1]

2.

---

[1] *See generally* Exhibit "A," Copies of All Process, Pleadings, and Orders Served in this matter.

In the Petition for Damages, Plaintiffs name Joe Tex Xpress, Inc., Mahaley Transport, LLC, and Morris Mahaley as defendants.[2]

3.

Joe Tex Xpress was served with citation and copy of the Petition for Damages on December 13, 2018, which is the date on which Joe Tex Xpress first received, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which this action is based.[3]

4.

This removal is effected and has been timely filed within thirty (30) days of Joe Tex Xpress, Inc. being served with process and within one (1) year after the commencement of the action, as allowed by 28 U.S.C. § 1446(b).

5.

Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of defendants sued under fictitious names shall be disregarded.

6.

The United States District Court for the Eastern District of Louisiana is the Court embracing the place where this action is pending in state court.[4]

7.

This Court has jurisdiction over this matter and it is properly removed to this Court pursuant to 28 U.S.C. § 1332; 28 U.S.C. § 1441; and 28 U.S.C. § 1446.

8.

---

[2] See *Id*. at Plaintiffs' Petition for Damages ¶ I.
[3] Service was made on Joe Tex Xpress, Inc. on December 13, 2018. See Affidavit of Angie Dunavant included in Exhibit "A." At the time of removal, no proof of service was filed into the record in the state district court. Defendant, Joe Tex Xpress, Inc. will supplement its removal filings when service information becomes available.
[4] See, 28 U.S.C. § 98(a).

Pursuant to 28 U.S.C. § 1446(a), attached hereto is Exhibit "A" are all process, pleadings, and orders served on the Removing Defendant, Joe Tex Xpress, Inc. in the state court action.

### I. DIVERSITY OF CITIZENSHIP JURISDICTION

9.

This action is properly removed to this Court Pursuant to 28 U.S.C. § 1332 and § 1441, in that all properly joined and served parties are of diverse citizenship, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10.

Upon information and belief, at the time of the filing of the Petition for Damages and at all times thereafter, Plaintiffs were and remain individuals domiciled in and are citizens of the Parish of Orleans, State of Louisiana.[5]

11.

At the time of filing of the Petition for Damages and at all times thereafter, Joe Tex Xpress, Inc., was and remains a Nevada company, with its principal place of business in Texas. As a result, Joe Tex Xpress, Inc. is a citizen of Nevada and Texas.[6]

12.

Upon information and belief, at the time of filing of the Petition for Damages and at all times thereafter, Mahaley Transport, LLC, is managed by Morris Mahaley, who, upon information and belief, is domiciled in the State of Texas.[7] As a result, Mahaley Transport, LLC, is a citizen of the State of Texas.

---

[5] *See*, Exhibit "A" at Plaintiffs' Petition for Damages (indicating in introductory paragraphs that Plaintiffs are residents of Orleans Parish, State of Louisiana).

[6] *See*, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079, (5th Cir. 2008) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."), citing 28 U.S.C. § 1332(c)(1).

[7] *See*, Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008) ("The citizenship of a LLC is determined by the citizenship of its members.").

13.

Upon information and belief, at the time of filing of the Petition for Damages and at all times thereafter, Morris Mahaley was domiciled in and remains a resident of the State of Texas.[8]

14.

Based on the foregoing, there is complete diversity of citizenship of the parties.

## II. AMOUNT IN CONTROVERSY

13.

Plaintiffs' Petition for Damages alleges that Plaintiffs "were injured" in the accident at issue and seek an award of monetary damages for "past physical pain and suffering, future physical pain and suffering, past, present, and future mental pain and suffering, past present, and future medical expenses, rental expenses, property damage, loss of use and/or depreciation of vehicle, loss of past and future earnings, loss of future earning capacity, past and future loss of enjoyment of life, permanent disability to the body, loss of consortium, and penalties and attorneys' fees."[9]

14.

In a delictual action such as this, the Louisiana Rules of Civil Procedure prohibit a plaintiff from including any "specific monetary amount of damages" in an original Petition "except that if a specific amount of damages is necessary to establish…the lack of jurisdiction of federal courts due to insufficiency of damages,…a general allegation that the claim exceeds or is less than the requisite amount is required.[10]  Here, Plaintiffs have failed to provide any such general allegation to establish the lack of this Court's jurisdiction in their Petition for Damages.

---

[8] *See*, *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) ("The citizenship of a natural person is determined by the state in which he or she is domiciled.").
[9] *See*, Exhibit A, Plaintiffs' Petition for Damages, ¶ V and II.
[10] Louisiana Code of Civil Procedure article 893(A)(1).

Under such circumstances, there is a presumption in favor of finding that the amount in controversy exceeds the amount necessary for federal jurisdiction.[11]  Moreover, it is facially apparent that Plaintiffs seek recovery in tort for the damages described in the preceding paragraph in excess of $75,000.00.

15.

Thus, it is apparent from the face of the Petition for Damages that the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.  Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

### III. JURY DEMAND

16.

Defendant, Joe Tex Xpress, Inc., hereby prays for a trial by jury on all issues raised in Plaintiff's Petition for Damages.

### IV. CONCLUSION

17.

This civil action is one in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, in that it is a civil action between citizens of different states, wherein the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.  Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

18.

Pursuant to 28 U.S.C. § 1446(d), Plaintiffs are being provided with a copy of this Notice of Removal, and a copy of this Notice of Removal is being filed with the Clerk of Court for the District Court for the Parish of Orleans, State of Louisiana.

19.

---

[11] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies she has read the foregoing Notice of Removal, that to the best of her knowledge, information, and belief, formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law, and that it's not interposed for any improper purpose.

20.

By filing this Notice of Removal, Defendant does not waive and hereby reserves all defenses and objections to Plaintiffs' Petition for Damages.

**WHEREFORE**, defendant, Joe Tex Xpress, Inc. respectfully requests that this Court assume full jurisdiction over this matter as provided by law because all properly joined parties are completely diverse and the requisite jurisdictional amount in controversy has been met.

Respectfully submitted:

/s/ *Andre M. Boudreaux*
EMILY E. EAGAN (29166)
Email: eeagan@glllaw.com
ANDRE M. BOUDREAUX (37598)
Email: aboudreaux@glllaw.com
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Tel: (504) 561-0400
Fax: (504) 561-1011
*Counsel for Defendant, Joe Tex Xpress, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon all counsel of record this 10th day of January 2019, by e- filing same into the CM/ECF system, which will automatically deliver a copy of same to all counsel.

                                        /s/ *Andre M. Boudreaux*
                                        ANDRE M. BOUDREAUX