**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DEBORAH MARSH, ET AL.,**  **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-174** |
| **JOE TEX EXPRESS, INC., ET AL.,**  **Defendants** | **SECTION: "E" (5)** |

## ORDER

Plaintiffs Deborah Marsh, Daviell Duncan, Deidra Andrews individually and on behalf of minor child, A.A. as natural tutrix and Bertell Marsh, ("Plaintiffs"), filed suit on November 29, 2018 in the Civil District Court for the Parish of Orleans, State of Louisiana.[1] On January 10, 2019 Defendant Joe Tex Xpress, Inc. removed the case to the Eastern District of Louisiana.[2] On January 15, 2019, the Court ordered Defendant Joe Tex Xpress, Inc. to amend the Notice of Removal to properly allege the citizenship of Defendant Mahaley Transport, LLC and to provide summary-judgment type evidence demonstrating the amount in controversy in the case exceeds $75,000.[3]

On January 29, 2019, Defendant Joe Tex Xpress, Inc. filed a memorandum in response to the Court's Order.[4] Defendant attached to the memorandum a stipulation signed by counsel for Plaintiffs that the amount each individual plaintiff claims does not exceed $75,000.[5] Defendant states "that each of the Plaintiff's damages would not meet the $75,000 threshold as required for this Court to exercise diversity jurisdiction over this matter."[6]

---

[1] R. Doc. 1-1 at 2.
[2] R. Doc. 1.
[3] R. Doc. 6.
[4] R. Doc. 9.
[5] R. Doc. 9-1.
[6] R. Doc. 9 at 2.

On February 15, 2019, the Court ordered Plaintiffs to sign and file into the record an affidavit signed by the individual Plaintiffs that each of their claims do not exceed $75,000.[7] On February 22, 2019, Plaintiffs filed affidavits signed by each individual Plaintiff stipulating that each Plaintiff's damages do not exceed $75,000.00.[8]

When the amount in controversy is not facially apparent from the allegations in the state court petition and, in fact, is ambiguous at the time of removal, the court may consider a post-removal affidavit or stipulation to assess the amount in controversy as of the date of removal.[9] A Plaintiff may defeat removal by showing, to a legal certainty, that its recovery will be less than $75,000.00.[10] The Court finds Plaintiffs' affidavits are sufficient to demonstrate that it is a "legal certainty" Plaintiffs will not be able to recover damages beyond the jurisdictional amount.

Accordingly,

**IT IS ORDERED** that this case is remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

**New Orleans, Louisiana, this 22nd day of February, 2019.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[7] R. Doc. 11.

[8] R. Docs. 12, 13, 14, 15, 16.

[9] *Gebbia*, 233 F.3d 880, 883 (5th Cir. 2000); *Associacion Nacional de Pescadores v. Dow Quimica de Columbia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) (When the affidavit "clarify[ies] a petition that previously left the jurisdictional question ambiguous," the court may consider the affidavit in determining whether remand is proper.). *See also Cummings v. Winn-Dixie Montgomery, LLC*, No. 15-195-SDD-RLB, 2015 WL 4772185 (M.D. La. Aug. 12, 2015); *Nelson v. Nationwide Mut. Ins. Co.*, 192 F. Supp. 2d 617, 619 (E.D. La. 2001) ("[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction.").

[10] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995). *See also Sterns v. Scottsdale Ins. Co.*, No. 09-6449, 2010 WL 2733771, at *3 (E.D. La. July 8, 2010).